**HARTMAN, Admr., Appellee,**

v.

**RIVERSIDE METHODIST HOSPITAL et al.; Stewart et al., Franklin County, Appellants.**

[Cite as *Hartman v. Riverside Methodist Hosp.* (1989), 62 Ohio App.3d 599.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–704.

Decided April 27, 1989.

*Margulis, Gussler, Hall, Hosterman & Lucks, Stephen S. Gussler* and *Leo J. Hall,* for plaintiff-appellee Douglas D. Hartman, Administrator of the Estate of Regina A. Hartman, deceased.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., Robert C. Maynard* and *William A. Davis,* for appellants.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., Robert C. Maynard, Jerome S. Kalur* and *Janis L. Small,* for appellants.

MICHAEL A. BRAME, Judge.

Defendants-appellants, William J. Stewart, M.D., and Riverside Anesthesia Services, Inc., appeal a judgment of the Franklin County Court of Common

Pleas granting judgment notwithstanding the verdict to plaintiff-appellee, Douglas D. Hartman. Plaintiff filed suit against William Stewart, M.D., Riverside Anesthesia Services, Inc., Riverside Methodist Hospital, Philip A. Rogers, M.D., and Barnes, Devoe, Baird and Rogers, M.D.'s, Inc., alleging that his wife's death was the proximate result of defendants' medical negligence. Prior to trial, plaintiff settled his claims against Riverside Methodist Hospital and the case proceeded to jury against the remaining defendants. The jury returned a general defense verdict for all defendants. Plaintiff then moved for judgment notwithstanding the verdict and for a new trial. The trial court sustained plaintiff's motions as to defendants Stewart and Riverside Anesthesia and overruled the motions as to defendants Rogers, M.D., and Barnes, Devoe, Baird and Rogers, M.D.'s, Inc.

We reverse the judgment notwithstanding the verdict and reinstitute the jury's verdict in favor of defendants Stewart and Riverside Anesthesia.

Plaintiff's decedent, Regina A. Hartman, arrived at Riverside Methodist Hospital for emergency surgery. The surgery itself was uneventful, but it was noted that, since Mrs. Hartman had arrived on an emergency basis, there had not been time to evacuate her stomach prior to the surgery. This increased the risk that, during recovery from the surgery, she might aspirate vomitus with potentially fatal consequences and, in fact, this did occur resulting in her death some forty-three days later. During surgery, Fentanyl, a narcotic used for muscle relaxation, was administered to the patient. The depressant effects of this drug last for several hours after its anesthetic effect wears off. Dr. Stewart administered the anesthetics and, after the surgery, he and the surgeon accompanied the patient to the recovery room and there advised Nurse Jensen that the patient had a "full stomach," meaning that precautions needed to be taken to ensure that stomach contents were not allowed into the lungs. Nurse Jensen was aware that Dr. Stewart did not want pain medications given to his post-operative patients without his approval. Nonetheless, when the patient awoke, experiencing pain, Nurse Jensen administered Dilaudid, which, in combination with the lingering effects of the Fentanyl, relaxed the trachea and esophagus, allowing stomach contents to be regurgitated and breathed into the lungs, ultimately causing Mrs. Hartman's death. The actual cause of death is undisputed; the issue was whether Dr. Stewart had any culpability in Regina Hartman's death.

■ In their first assignment of error, appellants assert that the testimony showed that Dr. Stewart complied with the appropriate standards of care and that no competent evidence to the contrary was presented. When a physician is accused of medical malpractice, expert testimony must be the basis for a

finding that he deviated from the appropriate standard of care. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 75 O.O.2d 184, 346 N.E.2d 673.

In granting the motion for judgment notwithstanding the verdict, the trial court found that Dr. Stewart had the right to control the recovery room nurses and, as a result, his failure to give orders protecting his patient, or to remain with her, was the proximate cause of the administration of the fatal dose of Dilaudid. It is clear from the record, however, that Nurse Jensen was aware of Dr. Stewart's policy against nursing staff giving drugs without his approval and that it was her failure to adhere to that policy, which caused the death of Regina Hartman. It is true that Dr. Stewart had the right to control in the recovery room, but he did not have actual control over events which occurred in his absence and in contradiction to his expressed wishes. Expert testimony was presented to the effect that his duty was to remain with the patient until she was stabilized in the recovery room, and it is undisputed that he did leave the patient in the recovery room stable and in the hands of the nursing staff, who knew his policy regarding administration of pain medication. There was no expert testimony presented to show that he deviated from this standard of care by either leaving an unstabilized patient in the hands of the recovery room staff, or by not making the staff aware of his orders regarding medication and, thus, under *Bruni, supra,* there was no evidence to support a finding of liability and, concomitantly, no basis for reversing the jury's verdict. Even if the evidence was in dispute, a factual dispute as to whether Dr. Stewart had actual control must be resolved most favorably to support the finding of the trier of fact.

In the second branch of its decision, the trial court found as a matter of law that Dr. Stewart had the right to control the nursing staff and predicated liability on this right to control. Since, in this instance, the issue of control was a question of fact rather than of law and the jury's determination of that fact, as evidenced by its verdict, is supported by some competent and credible evidence, the finding of the jury must stand.

Appellant Stewart's first assignment of error is sustained. Since Riverside Anesthesia was liable only vicariously through Dr. Stewart, its similar first assignment of error is also sustained.

Appellants' second assignment of error asserts that the trial court erred by granting a new trial on the basis of defense counsel's statements in final argument. We begin with the observation that a defense attorney has the obligation to zealously defend his client and the right to argue inferences on the evidence to the jury. To attempt to shift blame from one defendant to another, even if the other is absent, is legitimate territory for defense counsel

to attack. When coupled with the fact that the argument, which was the basis of the trial court's decision, was not objected to by plaintiff's counsel or the court at the time of trial, we cannot find as a matter of law that defense counsel's final argument exceeds the bounds of propriety so as to prejudice the jury.

Appellants' second assignment of error is sustained.

Appellants' third assignment of error is founded on the trial court's denial of appellants' motion for directed verdict. This assignment of error is overruled.

There was sufficient evidence to present a jury question as to the liability of William J. Stewart and Riverside Anesthesia. Dr. Stewart was practicing with Riverside Anesthesia whose general practice was to allow recovery room nurses to administer narcotics prescribed by recovery room surgeons without specific approval of the anesthesiologist. While Dr. Stewart's practice was to the contrary, the evidence is equivocal as to whether the recovery room nurse who administered the narcotic to his patient knew that it was his absolute order that she never administer narcotics in the recovery room without his approval. The recovery room nurse was never specifically told of this practice by Dr. Stewart nor were there any written directives to that effect. Construing her testimony most favorably to plaintiff, her testimony was that she not administer narcotics without his approval as a general but not as a required practice. However, the weight of the testimony was that Dr. Stewart acted in accordance with acceptable medical practice. All expert testimony was to this effect, assuming that Nurse Jensen was aware that she was not to administer narcotics in the recovery room without his specific approval. While there was a jury question as to Dr. Stewart's liability, the jury verdict was amply supported by the evidence.

Appellants' third assignment of error is overruled.

Appellants' first and second assignments of error are sustained. Appellants' third assignment of error is overruled. The judgment of the trial court is reversed and the cause is remanded to reinstate the defense verdict of the jury.

*Judgment reversed*
*and cause remanded.*

McCORMAC, P.J., and BRYANT, J., concur.

MICHAEL A. BRAME, J., of the Vinton County Court of Common Pleas, sitting by assignment.